IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JODENE LaRUE                                                                                           PLAINTIFF

V.                                              3:08CV00157 JMM

DENSO MANUFACTURING ARKANSAS, INC.                                     DEFENDANT

### ORDER

Pending is the Defendant's Motion to Dismiss Claim for Age Discrimination. The Plaintiff has responded to the motion and the Defendant has replied. For the reasons set forth below, the Motion is GRANTED.

Defendant contends that the Plaintiff failed to exhaust her administrative remedies as to her claim of age discrimination. It is well settled "that a complaining party must satisfy two jurisdictional prerequisites in order to bring suit under Title VII: (a) a charge must be filed with the EEOC, and (b) statutory notice from the EEOC of the right to sue must be received." *Local 179, United Textile Workers of America, AFL-CIO v. Federal Paper Stock Co.* 461 F.2d 849 (8th Cir. 1972).

Plaintiff filed a Charge of Discrimination with the EEOC on March 20, 2008. In the Charge, Plaintiff stated as follows:

> I was hired on February 14, 2008. I was sent to work at Denso Manufacturing. A coworker used the F word. He also said dirty old woman. On February 25, 2008, the coworker tried to rush me. He also brushed up against me. I reported this to the Manager. On February 26, 2008, I was told that the job had ended. On February 27, 2008, I complained that I had been harassed and possible [sic] sexually harassed. I was told that someone would investigate it. Since I complained, I have not been sent on any job assignments.
>
> I was told that they did not have anything for me.
>
> I believe that I was harassed, verbally harassed and sexually harassed because of my sex, female and not sent on any job assignments for complaining about harassment, in

violation of Title VII of the Civil Rights Act of 1964, as amended.

On the Charge, Plaintiff checked the boxes for discrimination based upon sex and retaliation. She did not include any allegations based upon her age. She received her Right to Sue notice from the EEOC on August 18, 2008.

Plaintiff argues that the Court should liberally construe her Charge because she was acting *pro se* at the time she filled out the information. The "liberal-construction rule 'stems from the rather fundamental policy that mere vagueness in a *pro se* claim should not sound the death knell for the plaintiff's discrimination allegation.' But there is a difference between liberally reading a claim which "lacks specificity," *ibid.*, and inventing, *ex nihilo*, a claim which simply was not made." *Shannon v. Ford Motor Co,.* 72 F.3d 678, 685 (8th Cir. 1996)(quoting *Pickney v. American Dist. Telegraph Co. of Ark.*, 568 F.Supp. 687, 690 (E.D. Ark. 1983)).

The Court finds that Plaintiff has failed to exhaust her administrative remedies as to her claim of age discrimination. Plaintiff clearly alleged that the Defendant discriminated against her on the basis of her sex and in retaliation for her complaints about alleged sexual discrimination. There was no mention of any age discrimination except for Plaintiff's allegation that a co-worker called her a "dirty old woman." This is insufficient to put the EEOC or the Defendant on notice that a claim for age discrimination had been made by the Plaintiff. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994)( "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.").

Defendant's Motion to Dismiss Plaintiff's Age Discrimination Claim (Docket # 26) is GRANTED.

IT IS SO ORDERED this 24th day of June 2009.

_____
James M. Moody
United States District Judge